# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 1, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES H. BASHAM,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0872** (BOR Appeal No. 2049189)
                    (Claim No. 2012013354)

**THE BAUGHAN GROUP,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Charles H. Basham, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Baughan Group, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 6, 2014, in which the Board affirmed a January 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 9, 2012, decision granting Mr. Basham a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Basham, a welder/fabricator, injured his left knee in the course of his employment on October 12, 2011, when he tripped over a cord and fell. The claim was held compensable for joint effusion and knee contusion. An MRI taken on November 10, 2011, of the left knee showed a moderate amount of knee joint effusion, osteoarthritic changes with cyst formation, and bone infarcts at the distal and proximal femoral shafts.

1

Two independent medical evaluations were performed in order to determine the amount of permanent impairment Mr. Basham sustained as a result of the compensable injury. Paul Bachwitt, M.D., examined Mr. Basham on February 16, 2012. In his report, he noted that Mr. Basham had left knee surgery in the 1980s due to a football injury. In 1998, he had a work-related left knee injury for which he underwent surgery to repair his anterior cruciate ligament and was then off of work for approximately ten years due to chronic pain. Dr. Bachwitt found that Mr. Basham had reached maximum medical improvement for the compensable injury in this claim. On examination, he noted minor range of motion loss in the left knee and opined that it was due to pre-existing degenerative changes and the prior anterior cruciate ligament repair. It was not determined to be the result of the compensable left knee injury. He assessed 0% whole person impairment for the compensable October 12, 2011, injury. On March 28, 2013, Yogesh Chand, M.D., performed an independent medical evaluation in which he noted that Mr. Basham's left knee x-ray showed advanced osteoarthritis of the lateral compartment and moderate osteoarthritis of the medial compartment and patellofemoral joint. He stated that Mr. Basham had suffered further deterioration of the left knee since x-rays and an MRI taken a year and a half prior. He recommended a repeat MRI.

The claims administrator granted Mr. Basham a 0% permanent partial disability award on March 9, 2012. The Office of Judges affirmed the decision in its January 14, 2014, Order. It found that Mr. Basham has a substantial history of left knee injuries and that he previously had two left knee surgeries. Following the compensable injury in this case, diagnostic testing failed to show an acute problem. He received conservative treatment, and Dr. Bachwitt characterized the injury as a simple sprain/strain in his independent medical evaluation. The Office of Judges determined that Mr. Basham did not receive any substantial treatment between Dr. Bachwitt's independent medical evaluation in 2012 and Dr. Chand's in 2013. The Office of Judges concluded that Dr. Chand's report suggests that Mr. Basham's problem is related to pre-existing osteoarthritis as opposed to the compensable sprain/strain type injury. The Office of Judges stated that while he may need further treatment for his left knee, he has not requested treatment in this claim since early 2012. Dr. Bachwitt's report concluding that his present problems are related to pre-existing osteoarthritis was determined to be credible. His finding that Mr. Basham's range of motion loss is not attributable to the compensable injury was found to be substantiated by the medical history and present diagnosis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 6, 2014.

On appeal, Mr. Basham argues that Dr. Chand's recommendation that he undergo another MRI supports his contention that he was not at maximum medical improvement at the time of Dr. Bachwitt's evaluation because Dr. Chand's evaluation was subsequent to Dr. Bachwitt's. The Baughan Group asserts that the denial of an MRI is final and is irrelevant to the issue of permanent partial disability. It further argues that Mr. Basham's ongoing left knee problems are the result of osteoarthritis, a non-compensable, pre-existing condition.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record shows that Dr. Bachwitt performed a credible independent medical evaluation and found that Mr. Basham had 0% permanent partial disability

2

as a result of the compensable injury. Mr. Basham has an extensive and serious history of prior left knee injuries and surgeries. The injury in this claim was held compensable for joint effusion and knee contusion only. Mr. Basham's ongoing problems and range of motion restrictions are most likely the result of his prior injuries and osteoarthritis. The evidentiary record supports the conclusion that Mr. Basham is entitled to a 0% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II